IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RONALD S. DEITCH,**            *

   **Plaintiff,**            *

v.                               *     Civ. No. DLB-24-1248

**MEDSTAR HOSPITAL SOUTHERN**    *
**MARYLAND LLC,** *et al.*,
                                 *
   **Defendants.**

**MEMORANDUM OPINION**

Ronald S. Deitch sued the St. Mary's County Sheriff's Department (the "Sheriff's Department") and Sheriff Steven A. Hall for violating his state and federal constitutional rights; his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and Maryland common law. The Sheriff's Department and the Sheriff moved to dismiss Dietch's amended complaint, and Deitch filed a motion for leave to file a second amended complaint. For the following reasons, the motion for leave to amend is denied in part and granted in part, and the motion to dismiss is denied in part and granted in part, such that the claims against the Sheriff in the second amended complaint remain.

   **I.**   **Background**

Deitch is a disabled person who has multi system atrophy. ECF 43, ¶ 1.

In 2019, a Sheriff's deputy came to Deitch's apartment and arrested him, claiming that Deitch had threatened the State's Attorney's Office after Deitch had a "heated argument" with an Assistant State's Attorney over the decision not to prosecute an assault on him. *Id.* ¶ 16. The Sheriff took Deitch for a psychological evaluation, which revealed no mental health issues. *Id.*

In February 2022, the Sheriff, in response to what Deitch describes as a false report that Deitch was "building a bomb to kill law enforcement officers," *id.* ¶ 19, sent numerous deputies, a sniper, and dogs to surround Deitch's apartment and arrest him, which "terrorized Deitch," *id.* ¶ 21. The Sheriff also arranged for a doctor at MedStar to conduct a psychological evaluation. *Id.* ¶ 22. When Deitch's evaluation was completed, he was discharged and told to go home, but a nurse called hospital guards to restrain him. *Id.* ¶ 23. Six guards blocked his exit and then "charged" him. *Id.* They pushed him back into his room and then "escorted him out of the hospital and threatened [him] with the police if he did not leave the property." *Id.* ¶ 25. The incident caused "skeletal and muscle pain for almost 10 days" and "deformed" his wrists. *Id.* ¶ 27. Deitch believes the incident occurred because the Sheriff told hospital staff that he was dangerous. *Id* ¶ 26.

On April 27, 2025, Deitch filed an amended complaint against the Sheriff's Department, the Sheriff, and Medstar Hospital Southern Maryland, LLC that included the following claims: intentional infliction of emotional distress; assault and battery; a 42 U.S.C. § 1983 claim for violations of the First, Fourth, and Fourteenth Amendments and a claim for violations of Articles 24 and 40 of the Maryland Declaration of Rights; a claim for violation of the ADA; and municipal liability and individual liability for violation of the common law and the Maryland constitution. ECF 43.

The Sheriff's Department and the Sheriff moved to dismiss the amended complaint. ECF 45. They argue for dismissal of the claims against the Sheriff's Department because it is not a legal entity subject to suit. As for the Sheriff, they contend that the actions directly attributable to him were insufficient to state a claim and that he cannot be held vicariously liable.

In response, Deitch filed an opposition, a motion for leave to file a second amended complaint, and a proposed second amended complaint. ECF 46, 47 & 48. The proposed second

2

amended complaint replaces Medstar Hospital Southern Maryland, LLC with Medstar St. Mary's Hospital, Inc. and replaces the Sheriff's Department with St. Mary's County Government (the "County"). Deitch alleges that "the County[] is a Maryland municipal corporation located in St. Mary's County, Maryland, and operates the Sheriff's office, part of the County." ECF 46, ¶ 3. He makes the same allegations against the County as he did against the Sheriff's Department, now attributing actions to "the County's Sheriff's Office" instead of the Sheriff's Department. *E.g.*, *id.* ¶¶ 19, 20, 30, 49, 46. Deitch bolsters his allegations against the Sheriff. *E.g.*, *id.* ¶ 21 ("At the direction and instruction of Hall, the deputies terrorized Deitch."), ¶ 22 ("Hall engaged in misconduct and violation of Deitch's constitutional rights. He directed his deputies to use excessive force, false arrest, and other forms of misconduct."), ¶ 27 ("Upon information and belief, at the express direction of Hall, the sheriff's department deputies told the Medstar hospital staff that Deitch was dangerous, the deputies that took Deitch to the hospital . . . told them that Deitch was there for trying to make a bomb . . ."). In his opposition, Deitch asserts that the motion to dismiss should be denied because the second amended complaint cures the purported deficiencies. ECF 48.

The Sheriff's Department and the Sheriff filed a two-sentence opposition to the motion for leave to amend:

> Defendants St. Mary's County Sheriff's Department and Sheriff Steven A. Hall, by undersigned counsel, oppose the filing of a Second Amended Complaint because the amendment would be futile. The Sheriff is a State Constitutional Officer, not a County officer or employee and his office and employees are not a subpart of County government.

ECF 49. They did not file a reply in support of their motion to dismiss.

## II.    Standards of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir.

3

2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The court should grant a motion for leave to amend unless amendment would cause prejudice, was requested in bad faith, or would be futile. *See Daulatzai v. Maryland*, 97 F.4th 166,

177 (4th Cir. 2024); Fed. R. Civ. P. 15(a)(2). If a proposed amended complaint fails to state a claim, then amendment would be futile, and the motion should be denied. *See Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

### III.    Discussion

In his amended complaint, Deitch sued the Sheriff's Department and the Sheriff; in his proposed second amended complaint, Deitch brings the claims he brought against the Sheriff's Department against the County instead. The only proper defendant is the Sheriff.

A sheriff's office or department "is not a legal entity that can be properly sued." *State v. Rovin*, 246 A.3d 1190, 1203 n.9 (Md. 2021) (citing *Boyer v. State*, 594 A.2d 121, 128 n.9 (Md. 1991)). And a county is not liable for a sheriff's actions. "Under Maryland's Constitution, county sheriffs are independently elected constitutional officers." *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 726 (D. Md. 2013) (citing Md. Const., art. 4, § 44); *see Boyer*, 594 A.2d at 128. As such, it is "well settled [under Maryland law] that, as a general rule, county sheriffs and their deputies are 'officials and/or employees of the State of Maryland,' rather than their county." *Murphy-Taylor*, 968 F. Supp. 2d at 726 (quoting *Rucker v. Harford Cnty.*, 558 A.2d 399, 402 (Md. 1989)); *Boyer*, 594 A.2d at 128 (declining to impose *respondeat superior* liability on county for actions of deputy sheriffs). The State, not their county, "is answerable for their actions." *Ledergerber v. Blubaugh*, No. JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020) (citing *Rucker* and dismissing claims seeking to hold county liable for officers' actions). Accordingly, the motion for leave to amend the complaint by replacing the Sheriff's Department with the County is denied as futile, and the claims against the Sheriff's Department are dismissed with prejudice. *See Daulatzai*, 97 F.4th at 177; *Katyle*, 637 F.3d at 471. Further, because the County has no liability for the Sheriff's actions, the motion for leave to amend the municipal

5

liability claim (Count Six of the amended complaint) is denied as futile, and the municipal liability claim is dismissed with prejudice[1].

The claims against the Sheriff remain. The defendants argue that Deitch's sparse allegations against the Sheriff in the amended complaint do not state a claim because "[t]here is no plausible allegation that any acts or omissions of the Sheriff were outside the scope of his employment or attended by malice or gross negligence," there are no "facts alleged to state a plausible claim against Sheriff Hall for assault and battery, or intentional infliction of emotional distress," and the claims under § 1983, the Maryland Declaration of Rights, and the ADA are unclear. ECF 45-1, at 4–6, 9–10. After the defendants made these arguments, Deitch filed a proposed amended complaint that adds specific allegations concerning the Sheriff. In his two-sentence opposition to Deitch's motion for leave to amend, the Sheriff did not address the new allegations against him at all. Accordingly, the motion for leave to amend is granted (except as noted above), and the motion to dismiss the claims against the Sheriff is denied as moot.

### IV. Conclusion

The motion for leave to amend is denied insofar as Deitch proposes to replace the Sheriff's Department with the County as a defendant and to amend the municipal liability claim. The motion for leave to amend otherwise is granted. The motion to dismiss is granted as to the claims against

---

[1] Although Deitch titled his last count "Municipal and Individual Liability of Defendants," he claims only that the Sheriff's Department is liable under this count. ECF 43, ¶ 62.

the Sheriff's Department and the municipal liability claim. The motion to dismiss is denied as to the claims against the Sheriff.

The Court will schedule a status call regarding the remaining claims against the Sheriff and Medstar St. Mary's Hospital, Inc.

Dated: <u>November 26, 2025</u>    _____
　　　　　　　　　　　　　　　　　　　　　　Deborah L. Boardman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge